■ GENE MCDONALD, Appellant, v. JOSEPH MCCABE, Respondent, et al., Defendant.— Order of the Supreme Court, Queens County, dated May 23, 1967, reversed, on the law and the facts and in the exercise of discretion, without costs, and plaintiff's motion to vacate the dismissal of/the action and for other relief granted. The delay in seeking to file a second statement of readiness was adequately explained and respondent points to no specific prejudice which would overcome the beneficial policy that controversies should be disposed of on their merits. It was an improvident exercise of discretion to deny the motion to vacate the dismissal of the action and restore the action to the Trial Calendar (*Ardis* v. *Schwartz*, 29 A D 2d 559; *Blau* v. *Levine*, 28 A D 2d 1137; *Tane* v. *Kiddy City Amusement Enterprises*, 28 A D 2d 1211). Beldock, P. J., Brennan, Rabin, Benjamin and Munder, JJ., concur.

■ EDWARD F. NAGER et al., Appellants, v. BELLA ROSE et al., Defendants. HARVEY L. STRELZIN, Respondent.— Appeal by plaintiffs from so much of an order of the Supreme Court, Kings County, dated March 10, 1967, as, in granting their motion *inter alia* for leave to discontinue the action, imposed the condition that they pay $7,200 to respondent for his services as Referee herein. Order modified, on the law and the facts, by striking from the first ordering paragraph the figure $7,200 and substituting in place thereof the following " $5,000, plus disbursements of $623 ". As so modified, order affirmed, without costs. In our opinion, the fee awarded the Referee was excessive to the extent indicated. Beldock, P. J., Brennan, Rabin, Benjamin and Munder, JJ., concur.

■ NICHOLAS PADULA, an Infant, by BERNADETTE PADULA, His Mother and Natural Guardian, et al., Respondents, v. NUNZIO ROMANO et al., Defendants, and WESTHAMPTON SPEEDWAY, INC., et al., Respondents. WESTHAMPTON RACEWAY CORP., Third-Party Plaintiff-Respondent v. GENERAL MOTORS CORPORATION, Third-Party Defendant-Appellant, et al., Third-Party Defendant.— Order of the Supreme Court, Queens County, dated September 27, 1967, affirmed, without costs. Although we are affirming the order denying severance of the third-party action, we suggest that trial of the actions be adjourned for a reasonable period so as to afford appellant a full opportunity to complete all pretrial examinations and preparations for trial (*Kaplan* v. *Walton*, 28 A D 2d 1140). Brennan, Acting P. J., Rabin, Hopkins, Benjamin aand Munder, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ELMER E. BICKERTON, Appellant.— Appeal by defendant from an order of the Supreme Court, Queens County, dated July 24, 1967, which denied his motion for a free transcript of trial minutes. Appeal dismissed. The order is not appealable (see, Code Crim. Pro., § 517). Beldock, P. J., Rabin, Hopkins, Benjamin and Martuscello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES EMERICK, Appellant.— Judgment of the Supreme Court, Kings County, rendered January 4, 1967, reversed, on the law and the facts, defendant's plea of guilty vacated, indictment reinstated and case remitted to the Criminal Term for further proceedings not inconsistent herewith. Defendant, who was sentenced to a term of five to seven and one-half years, may well have understood the trial court's remarks prior to his plea of guilty as including a promise that if he so pleaded he would receive a term of two and one-half to seven and one-half years. In the circumstances, he should be permitted to withdraw his plea (see, *United States* v. *Parrino*, 212 F. 2d 919, cert. den. 348 U. S. 840; *People* v. *O'Neill*, 7 A D 2d 997, affd. 7 N Y 2d 867). Beldock, P. J., Christ, Rabin, Benjamin and Martuscello, JJ., concur.