■ DELIA FLEMMING et al., Respondents, v. LUCIEN C. WILLIAMS, Appellant, et al., Defendant.— Appeal by defendant Lucien C. Williams from an order of the Supreme Court, Westchester County, dated June 27, 1967, which denied his motion to vacate a default judgment. Order reversed, on the law and the facts, with $10 costs and disbursements, and motion granted. Appellant's time to answer the complaint is extended until 20 days after entry of the order hereon. This action was commenced to recover damages for personal injuries and loss of services, etc., resulting from a fall on or about January 12, 1965, by plaintiff Delia Flemming while employed by defendants in their home in Old Greenwich, Connecticut, allegedly caused by an excessively waxed kitchen floor. On March 21, 1966, under the rule of *Seider* v. *Roth* (17 N Y 2d 111), plaintiffs obtained an order of attachment on the obligation of the Travelers Insurance Company to defend and indemnify appellant under a homeowners' liability insurance policy allegedly issued by Travelers to him. A levy was made on March 30, 1966, by service of a copy of the order of attachment on the Claim Manager of the Yonkers office of Travelers; and appellant was personally served with a copy of the summons in Los Angeles, California, on April 1, 1966. Defendant " Mary " Williams was not served. Attached to the summons was a notice that the action was for " [d]amages for personal injuries, etc., sustained on January 12, 1965, at * * * Old Greenwich, Connecticut, which was owned, operated and controlled by defendants." A copy of the complaint was never served upon appellant, but his attorney states that a copy was served on the Travelers Insurance Company on April 7, 1966. On May 3, 1966, plaintiffs' attorney wrote to the then attorneys for the insurance company and defendants, stating that no notice of appearance had been received although the time to appear had expired, and concluding: " Unless I hear from you by return mail, I shall assume that you wish this matter to go by default, and I shall proceed to judgment accordingly." By order to show cause, dated May 5, 1966, defendants and Travelers Insurance Company moved, pursuant to CPLR 3211 (subd. [a], par. 9) to vacate the order of attachment and the service of the summons on appellant on the ground that there was no property of appellant in this State subject to

attachment. That motion was denied by Mr. Justice NOLAN by order entered on June 1, 1966, and defendants and Travelers appealed therefrom. The appeal was argued before this court on May 8, 1967, and the order was unanimously affirmed on July 10, 1967, without opinion (*Flemming* v. *Williams*, 28 A D 2d 960). Our decision slip contained a provision extending the time to answer until 20 days after the entry of the order thereon. Plaintiffs moved to resettle our order so as to delete that provision and that motion was granted by default by order dated October 16, 1967 (*Flemming* v. *Williams*, 28 A D 2d 999). Prior to our decision on the appeal from the order denying the motion to vacate the order of attachment, plaintiffs made application for an inquest against appellant. In the affirmation in support thereof plaintiffs' attorney stated that appellant had been served with the summons, that his time to appear, answer or raise an objection to the complaint in point of law had expired, and that appellant had not appeared, answered or raised an objection to the complaint in point of law. No opposition to that motion was made. The inquest was taken on March 7, 1967, at which time the plaintiff wife and her doctor testified; and judgment was subsequently entered against appellant on April 19, 1967, on the court's award of $3500 in favor of the plaintiff wife and $750 in favor of her husband. On May 18, 1967, subsequent to the argument of the afore-mentioned appeal, but prior to the determination thereof, the motion now under review was brought, by order to show cause, to vacate the default and judgment. The court below denied the motion, stating: "It seems probable that the default was calculated and deliberate. The defendants apparently elected to rely wholly on their challenge to the court's jurisdiction. There is no affidavit of merits." In view of all the facts at bar, we are of the opinion that the refusal to grant appellant's motion to vacate the default was an abuse of the court's discretion under CPLR 5015 (subd. [a], par. 1). We are unable to agree with the finding below that the default was deliberate. Rather, we believe that the challenge to the jurisdiction right on through to this court is adequate proof that there was no intention to default. We are especially swayed by the fact that the attachment which served as the basis of the jurisdiction at bar was pursuant to *Seider* v. *Roth* (17 N Y 2d 111, *supra*). While *Seider* remains the law in New York, the Federal District Court for the Southern District of New York, in *Podolsky* v. *Devinney* (281 F. Supp. 488, [Feb. 26, 1968]), held that the *Seider* rule violates due process under the Fourteenth Amendment. Therefore, an apparently honest attempt to challenge jurisdiction based on *Seider* should not be used to deny a motion to vacate a default. Moreover, we cannot disregard the precipitous action of plaintiffs in seeking an inquest prior to our decision on the above-mentioned appeal. Another issue which arises at bar concerns the service of the complaint on appellant's insurer but not on appellant himself. If we attribute such service to appellant we would be disposed to modify the order below by adding that the denial of the motion is without prejudice to renew upon the furnishing of an affidavit of merits. However, in view of the circumstances at bar, we do not believe that the service of the complaint on the insurer should be attributed to appellant. Therefore we exercise our discretion pursuant to CPLR 5015 (subd. [a], par. 1) and reverse the order below and grant the motion to open the default. Christ, Acting P. J., Munder and Martuscello, JJ., concur; Brennan, J., dissents and votes to affirm the order, with the following memorandum, in which Hopkins, J., concurs; We agree with the Special Term that appellant's default was calculated and deliberate; and we find no abuse of discretion in the denial of appellant's motion (cf. *Mazzella* v. *American Home Constr. Co.*, 10 A D 2d 826; *Bennett* v. *Dorothy Lamour, Inc.*, 13 A D 2d 816). Appellant apparently elected to rely solely upon his challenge to the court's jurisdiction by motion under CPLR 3211 (subd. [a], par. 1); and

he did not proceed with the defense, which would not have waived the jurisdictional objection if it had been ultimately sustained on appeal (CPLR 320, subd. [c]; 1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 320.19; see, also, *Simpson* v. *Loehmann*, 21 N Y 2d 990). We find no merit in appellant's attack upon the validity of the default judgment. Plaintiffs' procedure in taking their inquest and entering judgment against appellant was in substantial compliance with CPLR 3215. Appellant's motion to dismiss pursuant to CPLR 3211, made after the time to appear had expired, did not constitute an appearance in the action under CPLR 320 (subd. [a]) so as to entitle him to notice of the application for the default judgment under CPLR 3215 (subd. [f]). The summons served on him had endorsed thereon a notice of the object of the action and the relief sought, as permitted by CPLR 305 (subd. [b]); and a default judgment could therefore be entered pursuant to CPLR 3215 (subd. [e]) even though the complaint may not have been served on appellant (4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3215.19). Appellant's objection that the affirmation in support of the application for the default judgment failed to describe the property attached and state its value, as required by CPLR 3215 (subd. [e]) when jurisdiction is based on an attachment of property, as was the case here, apparently was not raised at Special Term and therefore may not be urged as a ground for reversal on appeal (10 Carmody-Wait 2d, N. Y. Prac. §§ 70:300, 70:301). In any event, we are of the opinion that the affirmation incorporated by reference the order of attachment, which was based on the doctrine of *Seider* v. *Roth* (17 N Y 2d 111), and was a sufficient compliance with the statute. It should be emphasized that there was no claim whatever by appellant that the judgment should be vacated because jurisdiction had never been obtained. That contention was advanced at Special Term for the first time in *Flemming* v. *Travelers Ins. Co.* (30 A D 2d 833), wherein the defendant asserted that it had never issued the policy which was attached by plaintiffs as the basis for jurisdiction in the instant action. For the reasons stated in the dissenting memorandum in that case, we are of the opinion that appellant is estopped from asserting that defense. We do not agree with the majority's criticism of plaintiffs' action in taking their inquest while the appeal was pending from the order denying appellant's motion to vacate the order of attachment. Appellant had been advised that an inquest would be taken if he persisted in his default; he could have answered without waiving his objection to the jurisdiction; and the order was in fact affirmed (*Flemming* v. *Williams*, 28 A D 2d 960). We also find irrelevant the fact that the rule of *Seider* v. *Roth* (17 N Y 2d 111, *supra*) has been questioned, particularly since that rule has been reaffirmed by the Court of Appeals (see *Simpson* v. *Loehmann*, 21 N Y 2d 305).