■ ART-LLOYD METAL PRODUCTS CORP. et al., Plaintiffs, and ELIAS B. GUNZBURG, Appellant, v BENJAMIN KAUFMAN et al., Defendants. HAROLD BERNSTEIN, as Special Referee, Respondent. (And Two Other Actions.)— Appeal by Elias B. Gunzburg (1) as limited by his brief, from so much of an order of the Supreme Court, Kings County, dated March 2, 1976, as (a) denied his motion to vacate a prior order of the same court fixing the fee of the special referee (the respondent herein) at $5,100 and (b) granted the branch of respondent's motion which sought permission to enter a judgment for the fee, and (2) from a judgment of the same court, entered thereon on March 24, 1976. Order modified, on the law and the facts, by deleting therefrom the provision which denied appellant's motion to vacate the order, with $20 costs, and substituting therefor a provision that the motion is granted to the extent that the referee can enter judgment for a fee in the amount of $3,000. As so modified, order affirmed insofar as appealed from. Judgment modified, on the facts, by reducing the total amount awarded therein to the referee to $3,000. As so modified, judgment affirmed. Appellant is awarded one bill of $50 costs and disbursements to cover both appeals. Special Term's refusal to grant appellant's motion to vacate the default was an abuse of discretion (see CPLR 5015, subd [a], par 1; *Flemming v Williams,* 30 AD2d 834; *Bouxsein v Bialo,* 35 AD2d 523). Furthermore, the fee awarded to the special referee was clearly excessive (cf. *Weber v Sterling Nat. Bank & Trust Co. of N. Y.,* 28 AD2d 924; *Nager v Rose,* 29 AD2d 770). Upon the argument of the appeal, both parties agreed that, if this court opened the default, it could fix the fee here in issue. Having decided to open the default, the court has fixed the fee at $3,000. Hopkins, Acting P. J., Margett, Damiani, Shapiro and Titone, JJ., concur.